KM

WO

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

Clifford B. Evelyn, Jr.,

    Plaintiff,

v.

Unknown Hart, et al.,

    Defendants.

No.    CV-22-08172-PHX-JAT (JFM)

**ORDER**

Pending before the Court is Plaintiff's Second Amended Complaint (Doc. 13). The Court will order Defendants Robinson and Hart to answer a portion of Count One of the Second Amended Complaint and will dismiss the remaining claims and Defendants without prejudice.

## I.    Background

On September 23, 2022, pro se Plaintiff Clifford B. Evelyn, Jr., who is confined in the Arizona State Prison-Kingman and proceeding in forma pauperis, filed a civil rights Complaint pursuant to 42 U.S.C. § 1983. In a December 19, 2022 Order, the Court dismissed the Complaint with leave to amend. On January 31, 2023, Plaintiff filed a First Amended Complaint, which the Court dismiss with leave to amend in a March 31, 2023 Order. Plaintiff filed the Second Amended Complaint on April 21, 2023.

## II.    Statutory Screening of Prisoner Complaints

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28

TERMPSREF

U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1)–(2).

A pleading must contain a "short and plain statement of the claim *showing* that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2) (emphasis added).  While Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Id.*

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.*  "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."  *Id.* at 679.  Thus, although a plaintiff's specific factual allegations may be consistent with a constitutional claim, a court must assess whether there are other "more likely explanations" for a defendant's conduct.  *Id.* at 681.

But as the United States Court of Appeals for the Ninth Circuit has instructed, courts must "continue to construe *pro se* filings liberally."  *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010).  A "complaint [filed by a *pro se* prisoner] 'must be held to less stringent standards than formal pleadings drafted by lawyers.'"  *Id.* (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam)).

### III.   Second Amended Complaint

Plaintiff names the following Defendants in his three-count Second Amended Complaint: GEO Deputy Warden Hart, Mailroom Sergeant Marschke, Correctional Officer IV Martin, Appeals Administrator D. Miller, GEO Mail Room Sergeant Phillips,

Senior Chaplain Robinson, Central Office Chaplain Dr. Kenneth Herman, GEO Deputy Warden Rydgren, Disciplinary Hearing Officer McCain, and Central Office Appeals employee Julie Bowers.  Plaintiff seeks money damages.

In Count One, Plaintiff alleges violations of his First Amendment right to the free exercise of religion.  Plaintiff claims that in January 2022, Defendants Marschke, Robinson, Hart, and Miller prohibited him from receiving his approved subscription of the Nation of Islam News.  Plaintiff claims this is a violation of the Religious Land Use and Institutionalized Persons Act (RLUIPA) because it is a "substantial burden, compelling interest."  On May 3, 2022, Defendants Robinson and Hart denied Plaintiff and other Muslim inmates' request "to come together and celebrate Eid al-Fitr, one of Islam's major religious observations at the closing of Ramadan."  Plaintiff claims this violated his free exercise rights and substantially burdened his religious practice, without a rational penological justification.  Plaintiff contends Defendant Herman "condoned the actions of GEO Chaplain Robinson's denial of the celebration of the Muslim major holy day Eid al-Fitr."

In Count Two, Plaintiff alleges violations of his First Amendment rights with regard to mail.  Plaintiff asserts that on February 9, 2022, Defendant Phillips withheld Internal Revenue Service (IRS) tax forms.  On September 19, 2022, a certified mail receipt was "given to a random inmate."  Plaintiff further claims religious books were returned to the sender and the mailroom "never informed [him] they arrived and were sent back to publishing/sender."  On March 6, 2023, a certified mail receipt belonging to Plaintiff was found in the garbage.  Plaintiff contends that on January 18, and February 3, 10, and 27, 2023, Defendant Bowers interfered with notices.  On February 3, 2023, Defendant Phillips discarded Plaintiff's mail to the Social Security Administration, discarded his certified mail receipt, and charged Plaintiff for the outgoing discarded mail.  Plaintiff contends Defendant Phillips has tampered with multiple items of outgoing certified mail.  On January 25, 2023, mailroom staff opened and tampered with Plaintiff's "last amended civil paperwork [that Plaintiff] sent to the court, switching mail sent to risk management or the attorney general

with paperwork sent to the Clerk of the Court of amended above case [number], preventing the court from receiving correct documents."

In Count Three, Plaintiff claims Defendant Martin retaliated against him, in violation of the First Amendment.  Plaintiff claims that on July 8, 2022, Defendant Martin issued a disciplinary violation against Plaintiff for "utilizing the informal grievance process, citing 'obstruction of staff.'"  On November 1, 2022, Defendant Martin issued a disciplinary report against Plaintiff for "utilizing the informal grievance process citing [Plaintiff] was 'abusing the grievance system,' for using the process to hold her colleagues accountable."  Plaintiff sent a notice to Defendant McCain on December 22, 2022, and on January 10, 2023, Defendant McCain retaliated against Plaintiff "by having [Assistant] GEO DW Rydgren send [Plaintiff] to the hole without a disciplinary report citing 'staff conflict' without justification of any conflict."  Plaintiff claims he was in the "hole" for eight days without a disciplinary write-up.

**IV.    Claim for Which an Answer Will be Required**

Liberally construed, Plaintiff has adequately stated a First Amendment and RLUIPA claim in Count One regarding the denial of an Eid al-Fitr celebration.  The Court will require Defendants Robinson and Hart to answer this claim.

**V.    Failure to State a Claim**

**A.    Count One - Religion**

To state a First Amendment, free-exercise-of-religion claim, a plaintiff must allege that a defendant burdened the practice of plaintiff=s religion by preventing him from engaging in a sincerely held religious belief and that the defendant did so without any justification reasonably related to legitimate penological interests.  *Shakur v. Schriro*, 514 F.3d 878 (9th Cir. 2008).  Under RLUIPA, a government may not impose a substantial burden on the religious exercise of a confined person unless the government establishes that the burden furthers a "compelling governmental interest" and does so by "the least restrictive means."  42 U.S.C. § 2000cc-1(a)(1)-(2).

. . . .

Plaintiff asserts he was denied issues of his religious newspaper, "Nation of Islam News." Although Plaintiff makes the conclusory allegation that this is a "substantial burden, compelling interest," Plaintiff does not allege facts showing that reading a religious newspaper is part of his religious practice or necessary to his sincerely held religious beliefs. Accordingly, these allegations fail to state a claim, and the Court will dismiss this portion of Count One.

The Court will also dismiss the claim in Count One against Defendant Herman. Plaintiff alleges Herman "condoned" Defendants Robinson and Hart's denial of an Eid al-Fitr celebration, but does not allege exactly what Herman did or failed to do that violated Plaintiff's constitutional rights, or how or when Herman was made aware of the celebration denial. Plaintiff has therefore failed to state a claim against Defendant Herman in Count One.

## B.    Count Two - Mail

Prisoners have "a First Amendment right to send and receive mail." *Witherow v. Paff*, 52 F.3d 264, 265 (9th Cir. 1995) (per curiam) (citing *Thornburgh v. Abbott*, 490 U.S. 401, 407 (1989)). However, a prison may adopt regulations which impinge on an inmate's constitutional rights if those regulations are "reasonably related to legitimate penological interests." *Turner v. Safley*, 482 U.S. 78, 89 (1987). "Prevention of criminal activity and the maintenance of prison security are legitimate penological interests which justify the regulation of both incoming and outgoing prisoner mail." *O'Keefe v. Van Boening*, 82 F.3d 322, 326 (9th Cir.1996); *see, e.g.*, *Witherow*, 52 F.3d at 265 (noting that security, order, and rehabilitation are legitimate penological interests which justify the inspection of outgoing prisoner mail).

Further, although pro se pleadings are liberally construed, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), conclusory and vague allegations will not support a cause of action. *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982). A liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled. *Id.*

In Count Two, Plaintiff alleges Defendant Phillips withheld tax forms, gave Plaintiff's certified mail receipt to another inmate, discarded mail sent to the Social Security Administration, discarded a certified mail receipt, charged Plaintiff for outgoing discarded mail, and "tampered with multiple outgoing certified mail."

To the extent Plaintiff claims Defendant Phillips tampered with outgoing mail, his allegations are too vague to state a claim. Plaintiff does not allege when Defendant Phillips tampered with mail, how the mail was tampered with, or that the interference with Plaintiff's mail was unrelated to a legitimate penological interest. Plaintiff's allegations regarding tax forms are similarly too vague to state claim. Plaintiff does not describe what reason Defendant Phillips gave for withholding the tax forms or allege there was no legitimate purpose for withholding the forms.

The remaining allegations against Defendant Phillips would show, at best, that Defendant Phillips was negligent in handling mail or certified mail receipts. Negligence, however, is insufficient to state a constitutional violation. *See Cnty. of Sacramento v. Lewis*, 523 U.S. 833, 848-49 (1998) ("[T]he Constitution does not guarantee due care on the part of state officials; liability for negligently inflicted harm is categorically beneath the threshold of constitutional due process.").

Plaintiff further claims that Defendant Bowers "impeded" the filing of notices with officials at ADC's Central Office. This allegation is too vague to state a claim. Plaintiff does not describe the nature of the notices and does not describe how Defendant Bowers "impeded" the notices or how that violated Plaintiff's constitutional rights.

Plaintiff's remaining allegations regarding mail are not linked to specific, named Defendants. Accordingly, the Court will dismiss Count Two for failure to state a claim.

### C.    Count Three – Retaliation

A viable claim of First Amendment retaliation contains five basic elements: (1) an assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights (or that the inmate suffered more than minimal harm) and

(5) did not reasonably advance a legitimate correctional goal. *Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005); *see also Hines v. Gomez*, 108 F.3d 265, 267 (9th Cir. 1997) (retaliation claim requires an inmate to show (1) that the prison official acted in retaliation for the exercise of a constitutionally protected right, and (2) that the action "advanced no legitimate penological interest"). The plaintiff has the burden of demonstrating that his exercise of his First Amendment rights was a substantial or motivating factor behind the defendants' conduct. *Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 287 (1977); *Soranno's Gasco, Inc. v. Morgan*, 874 F.2d 1310, 1314 (9th Cir. 1989).

Plaintiff's retaliation allegations are too vague to state a claim. Plaintiff alleges Defendant Martin issued disciplinary reports against him for "obstruction of staff" and "abusing the grievance system," in retaliation for Plaintiff filing grievances, but Plaintiff does not allege Martin acted without a legitimate penological interest or that Plaintiff suffered more than minimal harm, or any harm, as a result of the disciplinary tickets. Plaintiff fails to state a retaliation claim against Defendant Martin.

Plaintiff also claims he sent a "notice" to Defendant McCain, after which McCain retaliated against him by having Defendant Rydgren issue a disciplinary report charging Plaintiff with "staff conflict without justification of any conflict." Plaintiff does not describe the "notice" or its contents and it is therefore unclear that the "notice" was protected conduct. Accordingly, Plaintiff has failed to state a retaliation claim, and the Court will dismiss Count Three.

## VI.   Warnings

### A.   Release

If Plaintiff is released while this case remains pending, and the filing fee has not been paid in full, Plaintiff must, within 30 days of his release, either (1) notify the Court that he intends to pay the unpaid balance of his filing fee within 120 days of his release or (2) file a *non*-prisoner application to proceed in forma pauperis. Failure to comply may result in dismissal of this action.

**B.     Address Changes**

Plaintiff must file and serve a notice of a change of address in accordance with Rule 83.3(d) of the Local Rules of Civil Procedure.  Plaintiff must not include a motion for other relief with a notice of change of address.  Failure to comply may result in dismissal of this action.

**C.     Copies**

Plaintiff must serve Defendants, or counsel if an appearance has been entered, a copy of every document that he files.  Fed. R. Civ. P. 5(a).  Each filing must include a certificate stating that a copy of the filing was served.  Fed. R. Civ. P. 5(d).  Also, Plaintiff must submit an additional copy of every filing for use by the Court.  *See* LRCiv 5.4.  Failure to comply may result in the filing being stricken without further notice to Plaintiff.

**D.     Possible Dismissal**

If Plaintiff fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice.  *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (a district court may dismiss an action for failure to comply with any order of the Court).

**IT IS ORDERED:**

(1)     Counts Two and Three, and the portions of Count One discussed above, are **dismissed** without prejudice.

(2)     Defendants Marschke, Martin, Miller, Phillips, Herman, Rydgren, McCain, and Bowers are **dismissed** without prejudice.

(3)     If Plaintiff attempts to amend to address the shortcomings identified in this Order, the amended complaint must be retyped or rewritten in its entirety (including those claims and Defendants that were not dismissed), and Plaintiff must comply with Rule 15 of the Federal Rules of Civil Procedure and Rule 15.1 of the Local Rules of Civil Procedure.

(4)     Defendants Robinson and Hart must answer the portion of Count One relating to the Eid al-Fitr celebration.

**TERMPSREF**

(5)     The Clerk of Court must send Plaintiff a service packet including the Second Amended Complaint (Doc. 13), this Order, and both summons and request for waiver forms for Defendants Robinson and Hart.

(6)     Plaintiff must complete[1] and return the service packet to the Clerk of Court within 21 days of the date of filing of this Order.  The United States Marshal will not provide service of process if Plaintiff fails to comply with this Order.

(7)     If Plaintiff does not either obtain a waiver of service of the summons or complete service of the Summons and Second Amended Complaint on a Defendant within 90 days of the filing of the Complaint or within 60 days of the filing of this Order, whichever is later, the action may be dismissed as to each Defendant not served.  Fed. R. Civ. P. 4(m); LRCiv 16.2(b)(2)(B)(ii).

(8)     The United States Marshal must retain the Summons, a copy of the Second Amended Complaint, and a copy of this Order for future use.

(9)     The United States Marshal must notify Defendants of the commencement of this action and request waiver of service of the summons pursuant to Rule 4(d) of the Federal Rules of Civil Procedure.  The notice to Defendants must include a copy of this Order.

(10)     A Defendant who agrees to waive service of the Summons and Second Amended Complaint must return the signed waiver forms to the United States Marshal, not the Plaintiff, **within 30 days of the date of the notice and request for waiver of service** pursuant to Federal Rule of Civil Procedure 4(d)(1)(F) to avoid being charged the cost of personal service.

(11)     The Marshal must immediately file signed waivers of service of the summons.  If a waiver of service of summons is returned as undeliverable or is not returned

---

[1] If a Defendant is an officer or employee of the Arizona Department of Corrections, Rehabilitation & Reentry, Plaintiff must list the address of the specific institution where the officer or employee works.  Service cannot be effected on an officer or employee at the Central Office of the Arizona Department of Corrections, Rehabilitation & Reentry unless the officer or employee works there.

by a Defendant within 30 days from the date the request for waiver was sent by the Marshal, the Marshal must:

> (a)     personally serve copies of the Summons, Second Amended Complaint, and this Order upon Defendant pursuant to Rule 4(e)(2) of the Federal Rules of Civil Procedure; and

> (b)     within 10 days after personal service is effected, file the return of service for Defendant, along with evidence of the attempt to secure a waiver of service of the summons and of the costs subsequently incurred in effecting service upon Defendant.  The costs of service must be enumerated on the return of service form (USM-285) and must include the costs incurred by the Marshal for photocopying additional copies of the Summons, Second Amended Complaint, or this Order and for preparing new process receipt and return forms (USM-285), if required.  Costs of service will be taxed against the personally served Defendant pursuant to Rule 4(d)(2) of the Federal Rules of Civil Procedure, unless otherwise ordered by the Court.

(12)   Any answer or response must state the specific Defendant by name on whose behalf it is filed.  The Court may strike any answer, response, or other motion or paper that does not identify the specific Defendant by name on whose behalf it is filed.

(13)   This matter is referred to Magistrate Judge James F. Metcalf pursuant to Rules 72.1 and 72.2 of the Local Rules of Civil Procedure for all pretrial proceedings as authorized under 28 U.S.C. § 636(b)(1).

Dated this 25th day of May, 2023.

James A. Teilborg
Senior United States District Judge

TERMPSREF